## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE COEUR D'ALENE TRIBE<br>850 "A" Street<br>Plummer, ID 83851<br><br>Plaintiff,<br><br>v.<br><br>DIRK A. KEMPTHORNE<br>SECRETARY OF THE INTERIOR<br>U.S. Department of the Interior<br>1849 C Street N.W.<br>Washington, D.C. 20240<br><br>HENRY M. PAULSON, JR.,<br>SECRETARY OF THE TREASURY<br>U.S. Department of the Treasury<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-____( )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, COEUR D'ALENE TRIBE sues Defendants, DIRK A. KEMPTHORNE,

Secretary of the Interior, and HENRY M. PAULSON, JR., Secretary of the Treasury, as follows:

1.    This is an action by the Coeur d'Alene Tribe for an accounting and reconciliation of

its trust funds and assets, for equitable relief, and for such other relief as the Court deems

appropriate.

## PARTIES

2.    The Coeur d'Alene Tribe ("Plaintiff" or "Tribe") is a federally-recognized Indian

tribe, recognized by the United States as a sovereign Indian tribe with legal rights and

responsibilities, eligible for the special programs and services provided by the United States to Indians because of its status as an Indian tribe and because of the Plaintiff's bilateral agreements with the United States.

3.    Defendant Dirk Kempthorne is the Secretary of the Interior and charged by law with carrying out the duties and responsibilities of the United States as trustee for the Coeur d'Alene Tribe.

4.    Defendant Henry M. Paulson, Jr., is the Secretary of the Treasury, and in that capacity is custodian of tribal trust funds, and has a responsibility with regard to the administration of such funds and the preparation and maintenance of records in connection with those funds.

5.    Defendants Kempthorne and Paulson (collectively "Defendants") are sued in their official capacities.

## JURISDICTION AND VENUE

6.    This Court has personal jurisdiction over each of the Defendants with respect to the claims set forth in this Complaint.

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346 (United States as defendant) and 5 U.S.C. §§ 551 *et seq.* ("Administrative Procedure Act" or "APA").  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1362 (actions by Indian tribes), 28 U.S.C. § 2201 (Declaratory Judgment Act) and 28 U.S.C. § 1361, 15 U.S.C. §§ 702, 706 (action to compel officer of the United States to perform official duty).

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because one or more

2

of the Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District. Venue is also proper in this District pursuant to 5 U.S.C. §§ 701, 703 and 704.

## ALLEGATIONS

9.    Plaintiff occupies the Coeur d'Alene Indian Reservation in northern Idaho and is the beneficial owner of land and natural resources within the Reservation, including uplands, submerged lands and natural resources that are valuable for timber, minerals, grazing, agricultural, religious, cultural, subsistence, recreational and commercial purposes, and title to which is held in trust by the United States for the benefit of the Tribe.

10.    Under federal law, tribal land held in trust by the United States is inalienable except as authorized by Congress. 25 U.S.C. § 177. Congress has granted the Secretary of the Interior authority to approve conveyances of certain interests in trust land, such as leases, easements, and rights of way. The law further establishes the terms and conditions under which such conveyances may be made, and generally requires that compensation be paid to the tribe for the use of tribal lands.

11.    By various acts of Congress, commencing with statutes adopted more than a century ago, Congress authorized the Secretary of the Interior to collect income from tribal trust property and to deposit such trust income in the United States Treasury and other depositary institutions for the benefit of tribes. See e.g., Act of March 3, 1883, c. 141, § 1, 22 Stat. 590. By subsequent statutes, Congress directed that interest be paid on tribal trust funds, and required that such trust funds be invested. See e.g., Act of February 12, 1929, c. 178, 45 Stat. 1164, codified as amended, 25 U.S.C. § 161b; Act of June 24, 1938, 52 Stat. 1037, codified as amended, 25

U.S.C. § 162a.

12.     Defendants exercise control and management over trust property of the Plaintiff. Defendant Secretary of the Interior has approved leases, easements, rights-of-way, permits and other conveyances of interests in or licenses to use trust lands of the Plaintiff, and Defendants have assumed responsibility for collection, deposit and investment of the income generated by trust lands of the Plaintiff.  These include funds generated by timber sales, rents, leases, permit payments, and judgments paid to the Plaintiff.

13.     Because the United States holds tribal land in trust, it has assumed the obligations of a trustee.  United States v. Mitchell, 463 U.S. 206, 225 (1983); Cobell v. Norton, 240 F.3d 1081 (D.C. Cir. 2001).  As trustee, the United States has a fiduciary relationship with obligations of the highest responsibility and trust to administer the trust with the greatest skill and care possessed by the trustee.  The United States has a fiduciary duty to the Plaintiff requiring that it exercise "the most exacting fiduciary standards" in managing Plaintiff's land and mineral estate and trust funds.  Navajo Tribe of Indians v. United States, 176 Ct. Cl. 502, 507 (1966).  The United States "'has charged itself with moral obligations of the highest responsibility and trust' in its conduct with Indians, and its conduct 'should therefore be judged by the most exacting fiduciary standards.'"  Cobell v. Norton, 240 F.3d at 1099 (quoting Seminole Nation v. United States, 316 U.S. 286, 297 (1942)).

14.     The trust obligations of the United States include, among other duties, the duty to ensure that tribal trust property and trust funds are protected, preserved and managed so as to produce the highest and best use and return to the tribal owner consistent with the trust character of the property.

4

15.    The trust obligations of the United States include, *inter alia, the following* duties: to maintain adequate records with respect to the Plaintiff's trust property; to maintain adequate systems and controls to guard against error or dishonesty; to provide regular and accurate accountings to the Tribe as trust beneficiary; to refrain from self-dealing or benefiting from the management of the trust property; to reasonably manage the Plaintiff's trust assets to the fullest extent required by its fiduciary obligation to the Tribe; and to collect all proceeds due to Plaintiff from conveyances of interest in or licenses to use Plaintiff's trust lands and from administration and management of Tribal trust funds and assets.

16.    Congress has charged the Defendants with fulfilling the obligations of the United States as trustee, including responsibility for the administration and management of all trust property of the Plaintiff.

17.    Defendants control all the books and records of account concerning Plaintiff's trust funds, assets and property.  Defendants, however, have never rendered an audit or accounting to Plaintiff for Plaintiff's trust monies.  Defendants have further failed to establish any effective system or provision for regular or periodic accounting for the trust property and funds.  As a consequence, Defendants have kept and continue to keep Plaintiff, as the trust beneficiary, uninformed as to the status of trust funds/property/resources under Defendants' control and management, what income the trust property has produced, what disposition has been made of the income, and whether the United States has properly managed the Tribe's trust assets.

18.    As found by the United States Inspector General for the Department of the Interior, the United States General Accounting Office, and the United States Congress, among others, there are massive and long-standing problems with the Defendants' administration of

5

Indian trust funds.  After a series of oversight hearings on Interiors' management of Indian trust

funds, Congress issued a report condemning those practices.  See Misplaced Trust, Bureau of

Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rpt. No. 102-499 (1992).  As

Congress found:

> Scores of reports over the years by the Interior Department's
> Inspector General, the U.S. General Accounting Office, the Office
> of Management and Budget, have documented significant, habitual
> problems in BIA's ability to fully and accurately account for trust
> fund moneys, to properly discharge its fiduciary responsibilities,
> and to prudently manage the trust funds. [Id. at 2]…
>
> The [BIA] has repeatedly ignored directives to undertake needed
> management reform measures.  [Id. at 3]…
>
> As a result of this dismal history of inaction and incompetence,
> there is no assurance that the [BIA] actually desires to, or will,
> make any substantial advancement toward rectifying the basic
> financial management failures brought to their attention.  Despite a
> decade of incentives, the [BIA's] headquarters leadership and
> accountability continue to be woefully inadequate….
>
> It is apparent that top Interior Department officials have utterly
> failed to grasp the human impact of its final management of the
> Indian trust fund.  The Indian trust fund is more than balance sheets
> and accounting procedures.  These moneys are crucial to the daily
> operations of Native American tribes and a source of income to tens
> of thousands of Native Americans.  [Id. at 5].

Congress further found the Defendants' administration of Indian trust funds to be:

> Grossly inadequate in numerous important respects.  The [BIA] has
> failed to accurately account for trust fund moneys.  Indeed, it cannot
> even provide account holders with meaningful periodic statements
> on their balances.  It cannot consistently and prudently invest trust
> funds and pay interest to account holders.  It does not have
> consistent written policies or procedures that cover all of its trust
> fund accounting practices.  Under the management of the [BIA], the
> Indian trust fund is equivalent to a bank that doesn't know how
> much money it has. Id. at 56.

19.    Upon information and belief, Defendants' mismanagement of trust funds has resulted in losses to Plaintiff, a trust beneficiary. However, the extent of such losses is unknown to Plaintiff because Defendants have failed to provide Plaintiff with an accounting of its trust funds, and further have failed to maintain accurate books and records of account, lost and destroyed relevant trust account records, and failed or refused to disclose known losses to the trust beneficiaries, failed or refused to reimburse trust beneficiaries for losses to their trust funds. See Misplaced Trust, H.R. Rpt. No. 102-499 at 37-41.

20.    By the Act of December 22, 1987, Pub. L. No. 100-202, 101 Stat. 1329, Congress required Defendants to: (1) audit and reconcile tribal trust funds, and (2) provide the tribes with an accounting of such funds. Congress reaffirmed the two mandates of the 1987 Act in subsequent statutes, namely the Act of October 23, 1989, Pub. L. No. 101-121, 103 Stat. 701; the Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and the Act of November 3, 1991, Pub. L. No. 102-154, 105 Stat. 990. By these Acts, Congress further required that the Defendants certify, through an independent party, the results of the reconciliation of tribal trust funds as the most complete reconciliation possible of such funds.

21.    To protect the rights of Indian tribes until accountings of their trust funds could be completed, Congress has provided, in each appropriations act for the Department of the Interior since 1990, that "the statute of limitations shall not commence to run on any claim concerning losses to or mismanagement of trust funds until the affected tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss." See, e.g., Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915.

22.    On October 25, 1994, Congress enacted the American Indian Trust Fund

Management Reform Act, codified at 25 U.S.C. §§ 4001-61. Under this Act, Congress recognized and reaffirmed the United States' pre-existing trust responsibilities and charged the Defendants with additional responsibilities to ensure proper discharge of the United States' trust responsibilities. These include the duty to provide periodic, timely accountings of trust funds to tribal and individual Indian beneficiaries, and the duty to cause an annual audit of all trust funds to be conducted. 25 U.S.C. § 4011; 25 U.S.C. § 162a(d).

23.    As evidenced by reports issued by, among others, the Department of the Interior's Inspector General, the General Accounting Office, and the Office of Management and Budget, notwithstanding the foregoing Acts of Congress, Defendants have failed and continue to fail to implement the reforms required by law. The Defendants' continued failure to implement reforms required by Congress and to provide timely and meaningful accountings is now the subject of pending litigation in this Court, Cobell v. Norton, No. 96-1285 (D. D.C. 1996). The proceedings in that case, which are focused on trust accounts of individual Indians, confirm the Government's fiduciary obligations to all Indian trust beneficiaries and the Government's breach of those obligations by failing to account. See Cobell v. Babbitt, 91 F.Supp.2d 1 (D. D.C. 1999), aff'd sub nom Cobell v. Norton, 240 F.3d 1081 (D.C. Cir. 2001).

24.    In the early 1990s, the Department of the Interior entered into a contract with the Arthur Andersen accounting firm under which Arthur Andersen was to provide a reconciliation of certain tribal trust fund accounts.

25.    In the 1990's, a report prepared by Arthur Andersen was delivered to Plaintiff. This report (the "Andersen Report") attempted to provide an accounting for Plaintiff's trust funds held by the Department of the Interior, Bureau of Indian Affairs ("BIA"), from 1972 through

8

1992.

26.    The Andersen Report delivered to Plaintiff expressly states that the work done does "not constitute an audit made in accordance with generally accepted auditing standards."

27.    The Andersen Report was not certified by an independent party as required by the Acts of October 23, 1989, Pub. L. No. 101-121, 103 Stat. 701; November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and November 3, 1991, Pub. L. No. 102-154, 105 Stat. 990, described in paragraph 18 above. The Andersen Report has been criticized by the General Accounting Office, among others. See United States General Accounting Office, Report to Senate Committee on Indian Affairs, Tribal Reconciliation Results, GAO Report No. B-266127, May 3, 1996.

28.    The Andersen Report does not reflect reliable, accurate or complete accountings of Plaintiff's trust funds because, among other reasons: (a) the report was not conducted pursuant to generally accepted accounting principles, but rather was based on procedures defined by the BIA, which imposed limitations on the scope of the work and made changes in methodologies over the course of the project that were not disclosed to the Coeur d'Alene Tribe; (b) the report was premised on the erroneous assumption that an accounting of trust funds could be done based on review of information recorded in the BIA's accounting system, without determining whether all receipts or income due had been collected and properly recorded by the BIA, and therefore fails to address the possibility that materially significant transactions were not recorded by the BIA or that the information as recorded by the BIA was inaccurate or in error; (c) the Andersen Report does not disclose adjustments that were recommended by Arthur Andersen but which the BIA did not accept; and (d) the Andersen Report fails to address many transactions where

9

accounting records could not be located. <u>See</u> United States General Accounting Office, Report to Senate Committee on Indian Affairs, Tribal Reconciliation Results, GAO Report No. B-266127, May 3, 1996.

29.    Defendants asked the Coeur d'Alene Tribe whether it accepted the findings of the Andersen Report as a full and complete accounting, and whether the Coeur d'Alene Tribe accepted the balances of its trust funds, as reflected in the Andersen Report. The Coeur d'Alene Tribe did not accept the Andersen Report.

30.    To date, the Defendants have failed to provide Plaintiff with a full accounting of Plaintiff's trust funds.

## COUNT I
## DECLARATORY JUDGMENT

31.    The Tribe re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above.

32.    Federal law charges Defendants with a fiduciary duty of the highest responsibility and trust to administer Plaintiff's trust property with the greatest skill and care.

33.    Defendants' fiduciary duties include, among other duties, the duty to provide Plaintiff with a full and complete accounting of Plaintiff's trust funds.

34.    Defendants have failed to provide Plaintiff with an accounting of Plaintiff's trust funds, and such failure constitutes a breach of Defendants' fiduciary duties to Plaintiff in violation of federal law.

35.    An actual controversy exists between Plaintiff, on the one hand, and Defendants, on the other, with respect to the existence and scope of Defendants' fiduciary duties to Plaintiff.

This controversy is now ripe for resolution by the Court. Without prompt resolution, Plaintiff will continue to suffer irreparable harm, injury and prejudice as a result of Defendants' failure to fully comply with their fiduciary obligations.

36.    It is now appropriate for the Court to determine and declare the parties' rights and obligations to one another with respect to the existence and scope of Defendants' fiduciary duties to Plaintiff, and all related aspects of this matter.

37.    Plaintiff is entitled to a declaration that Defendants owe a duty to Plaintiff to provide Plaintiff with a full and complete accounting of Plaintiff's trust funds and assets.

38.    Plaintiff is further entitled to a declaration that Defendants have not provided Plaintiff with a full and complete accounting of the Coeur d'Alene Tribe's trust funds and assets.

39.    Plaintiff is further entitled to a declaration that Defendants' failure to provide Plaintiff with a full and complete accounting constitutes a breach of Defendants' fiduciary duties owed to Plaintiff.

## COUNT II
## INJUNCTION TO COMPEL ACCOUNTING

40.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 39 above.

41.    Defendants' continuing failure to provide Plaintiff with complete and accurate accountings of Plaintiff's trust funds and assets has caused, and will continue to cause, Plaintiff irreparable injury because, among other harms, records necessary for proper accounting have been, and may continue to be, lost or destroyed, thereby depriving Plaintiff of the information essential to determining whether Plaintiff's trust funds and assets have been properly

11

administered.

42.    The acts and omissions of the Defendants alleged herein constitute final agency action and the unlawful withholding of agency action for purposes of the APA.

43.    With respect to the acts and omissions alleged herein, Defendants have acted arbitrarily and capriciously and not in accordance with law in violation of the APA.

44.    Plaintiff is entitled to injunctive relief requiring Defendants to provide Plaintiff with a full and complete accounting of all of Plaintiff's trust funds and assets.

**WHEREFORE, Plaintiff respectfully prays that this Court:**

(a)    Declare that the Defendants owe a duty to the Coeur d'Alene Tribe to provide the Coeur d'Alene Tribe with a full and complete accounting of the Tribe's trust funds;

(b)    Declare that the Defendants have not provided the Coeur d'Alene Tribe with a full and complete accounting of the Tribe's trust funds;

(c)    Declare that Defendants' failure to provide the Coeur d'Alene Tribe with a full and complete accounting constitutes a breach of Defendants' fiduciary duties owed to the Coeur d'Alene Tribe;

(d)    Enter an injunction requiring the Defendants to provide a full and complete accounting of the Coeur d'Alene Tribe's trust funds within 180 days of entry of such injunction;

(e)    Award the Coeur d'Alene Tribe attorneys' fees and costs, including, without limitation, attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2812, and other applicable federal statutes, and under general principles of law and equity, and the fees and costs of expert assistance; and

(f)    Order any and all other relief in favor of the Coeur d'Alene Tribe as the Court deems to be proper and just.

Respectfully submitted,

Allen V. Farber (D.C. Bar No. 912865)
Brian L. Gunn (D.C. Bar No. 465438)
GARDNER, CARTON & DOUGLAS
1301 K Street, N.W., Suite 900, East Tower
Washington, DC  20005-3317
Telephone:  (202) 230-5000
Facsimile:  (202) 230-5372


Eric Van Orden (*pro hac vice* pending)
Office of Legal Counsel
Coeur d'Alene Tribe
P.O. Box 408
850 A Street
Plummer, ID 83851
Telephone: (208) 686-0400
Facsimile: (509) 686-9102

COUNSEL FOR PLAINTIFF

13

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| The Coeur d'Alene Tribe | Dirk A. Kempthorne, Secretary of the Interior<br>Henry M. Paulson, Jr., Secretary of the Treasury |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Benewah (ID)<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Allen V. Farber<br>Brian L. Gunn<br>Gardner Carton & Douglas LLP<br>1301 K Street NW, Suite 900 East<br>Washington, DC 20005<br>Phone: (202) 230-5000 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

☐ 410 Antitrust

○ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Action under Administrative Procedures Act, 5 U.S.C. § 551 et seq., to compel accounting of funds held in trust by Defendants

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $ N/A<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 12/28/06    SIGNATURE OF ATTORNEY OF RECORD    *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.