# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE COEUR D'ALENE TRIBE,

                Plaintiff,

v.                                    Case No. 1:06-CV-02242 (JR)

DIRK KEMPTHORNE,
SECRETARY OF THE
INTERIOR, *et al*.

                Defendants.

_____

## ANSWER

        Dirk A. Kempthorne, Secretary of the Interior ("Interior"), and Henry M. Paulson, Secretary of the Treasury ("Treasury") (collectively, the "Defendants"), submit the following Answer to the Complaint ("Complaint"). Defendants specifically deny each and every allegation of the Complaint that is not otherwise expressly admitted, qualified, or denied in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint:

        1.      Paragraph 1 consists of Plaintiff's characterizations of its suit to which no response is required.

## PARTIES

        2.      Defendants admit that Plaintiff is federally-recognized, recognized as a sovereign Indian tribe with certain legal rights and responsibilities, and is eligible for certain special programs and services provided by the United States based on Plaintiff's status as an Indian tribe. The remaining allegations of Paragraph 2 consist of legal conclusions to which no response is required.

3.      Defendants admit that Dirk Kempthorne is the Secretary of the Interior and that the United States carries out certain of its legal responsibilities to Plaintiff through the Secretary of the Interior.  The remaining allegations in Paragraph 3 consist of conclusions of law to which no response is required.

4.      Defendants admit that Henry M. Paulson is the Secretary of the Treasury and that the United States carries out certain of its legal responsibilities to Plaintiff through the Secretary of the Treasury.  The remaining allegations in Paragraph 4 consist of conclusions of law to which no response is required.

5.      Paragraph 5 consists of Plaintiff's characterizations of its case to which no response is required.

## JURISDICTION AND VENUE

6.      Paragraph 6 consists of a conclusion of law to which no response is required.

7.      Paragraph 7 consists of conclusions of law to which no response is required.  The cited statutes provide a complete statement of their contents and speak for themselves.

8.      Defendants admit that they, in their official capacity, reside in the District of Columbia.  The remaining allegations in Paragraph 8 consist of conclusions of law to which no response is required.  The cited statutes provide a complete statement of their contents and speak for themselves.

## PLAINTIFF'S ALLEGATIONS

9.      Defendants admit that the Tribe occupies the Coeur d'Alene Indian Reservation in northern Idaho and is the beneficial owner of 22,542 acres of trust land, which includes timber, agricultural, and other natural resources, within the boundaries of the Reservation.  The

remaining allegations in Paragraph 9 consist of conclusions of law to which no response is required.

10.     Defendants admit that the Secretary of the Interior has authority to approve certain conveyances of lands held in trust.  The remaining allegations in Paragraph 10 consist of conclusions of law to which no response is required.  The cited statute provides a complete statement of its contents and speaks for itself.

11.     The allegations in Paragraph 11 consist of Plaintiff's conclusions of law to which no response is required.  The cited statutes provide a complete statement of their contents and speak for themselves.

12.     Defendants aver that the phrases "exercise control and management" and "have assumed responsibility," as used by Plaintiff, are vague and ambiguous such that Defendants are unable to formulate a specific reply thereto.  Notwithstanding such ambiguity, Defendants deny that the United States exercises exclusive control of or management over Plaintiff's trust property and aver that Plaintiff shares control and management of such trust assets, including but not limited to investment of the income derived from such assets.  Further, Defendant aver that, pursuant to 93 Pub. L. 638, Plaintiff provides services involving Tribal assets in lieu of the Bureau of Indian Affairs in areas such as agriculture, forestry and real estate services.  As to the remaining allegations of Paragraph 12, Defendants admit that the Secretary of the Interior, in discharging trust responsibilities, has approved on occasion various conveyances of interests in trust lands and has collected certain income generated from trust lands for certain tribes.

13.     Defendants admit that the United States acts as trustee for such assets as it holds in trust for tribes.  The remaining allegations in Paragraph 13 consist of Plaintiff's conclusions of

law to which no response is required.  The cited judicial decisions provide a complete statement of their contents and speak for themselves.

14.     The allegations in Paragraph 14 consist of conclusions of law to which no response is required.

15.     The allegations in Paragraph 15 consist of conclusions of law to which no response is required.

16.     The allegations in Paragraph 16 consist of conclusions of law to which no response is required.

17.     Paragraph 17 consists of conclusions of law to which no response is required. Moreover, Defendants aver that the terms "accounting" and "audit," as used by Plaintiff, are vague and  ambiguous such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982) (hereinafter "*Bogert"*). Likewise, the phrase "properly managed," as used by Plaintiff, is vague and ambiguous such that Defendants are unable to formulate a response thereto.  Notwithstanding these ambiguities, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  Further, Defendants aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Coeur d'Alene Tribe for Fiscal Years 1973-1992" ("Agreed-Upon Procedures and Findings Report"), which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present,

-4-

periodic statements of accounts or performance for Plaintiff's trust fund monies received by

Defendants.  Also, Defendants aver that they have furnished Plaintiff with trust account

information as part of a judgment or settlement in satisfaction of Plaintiff's accounting claims in

certain cases, including but not limited to *The Coeur d'Alene Tribe of Indians v. United States*,

ICC Dkt. No. 81 (Indian Claims Comm'n 1957).  Additionally, Defendants aver that additional

information regarding Plaintiff's trust assets has been historically and is presently available on

request.  The remaining allegations in Paragraph 17 are conclusions of law to which no response

is required.

18.     Defendants admit that the Inspector General of the Interior, the General

Accounting Office (currently known as the Government Accountability Office), and the

Congress have issued reports regarding Defendants' administration of Indian trust funds.  The

remaining allegations in Paragraph 18 consist of Plaintiff's characterizations of such reports to

which no response is required.  The cited report provides the best evidence of its contents and

speaks for itself .

19.     Paragraph 19 consists of conclusions of law to which no response is required.

Moreover, Defendants aver that the term "accounting," as used by Plaintiff, is vague and

ambiguous such that Defendants are unable to formulate a response thereto.  *See, e.g.*, *Bogert* §§

965-968.  Notwithstanding these ambiguities,  Defendants deny that the Secretary of the

Treasury has any obligation to provide an accounting to Plaintiff.  Further, Defendants aver that

the Department of the Interior has furnished and continues to furnish Plaintiff with financial and

accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled

"Summary and Detail of Trust Fund Statements"; (b) a 1996 "Agreed-Upon Procedures and

Findings Report," which sets forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants. Also, Defendants aver that they have furnished Plaintiff with trust account information as part of a judgment or settlement in satisfaction of Plaintiff's accounting claims in certain cases, including but not limited to *The Coeur d'Alene Tribe of Indians v. United States*, ICC Dkt. No. 81 (Indian Claims Comm'n 1957). Additionally, Defendants aver that additional information regarding Plaintiff's trust assets has been historically and is presently available on request. The remaining allegations in Paragraph 19 are conclusions of law to which no response is required.

20.     Paragraph 20 consists of conclusions of law to which no response is required. The cited statutes provide a complete statement of their contents and speak for themselves. Moreover, Defendants aver that the terms "audit," "reconcile" and "reconciliation," as used by Plaintiff, are vague and ambiguous such that Defendants are unable to formulate a response thereto. *See, e.g.*, *Bogert* §§ 965-968. Notwithstanding these ambiguities, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendants aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) a 1996 "Agreed-Upon Procedures and Findings Report," which sets forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants. Also, Defendants aver that they have furnished Plaintiff with trust account

information as part of a judgment or settlement in satisfaction of Plaintiff's accounting claims in certain cases, including but not limited to *The Coeur d'Alene Tribe of Indians v. United States*, ICC Dkt. No. 81 (Indian Claims Comm'n 1957). Additionally, Defendants aver that additional information regarding Plaintiff's trust assets has been historically and is presently available on request. The remaining allegations in Paragraph 20 are conclusions of law to which no response is required.

21.    Paragraph 21 consists of conclusions of law to which no response is required. The cited statute provides a complete statement of its contents and speaks for itself.

22.    Paragraph 22 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes provide a complete statement of their contents and speak for themselves. Moreover, Defendants aver that the terms "accountings" and "audit," as used by Plaintiff in the third sentence, are vague and ambiguous such that Defendants are unable to formulate a response thereto. *See, e.g.*, *Bogert* §§ 965-968. Notwithstanding these ambiguities, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendants aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) a 1996 "Agreed-Upon Procedures and Findings Report," which sets forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants. Also, Defendants aver that they have furnished Plaintiff with trust account information as part of a judgment or settlement in satisfaction of Plaintiff's accounting claims in certain cases, including but not limited to *The*

*Coeur d'Alene Tribe of Indians v. United States*, ICC Dkt. No. 81 (Indian Claims Comm'n 1957). Additionally, Defendants aver that additional information regarding Plaintiff's trust assets has been historically and is presently available on request. The remaining allegations in Paragraph 22 are conclusions of law to which no response is required.

23.     Defendants admit that the Department of the Interior's Inspector General, the General Accounting Office (also known as Government Accountability Office), and the Office of Management and Budget have issued certain reports. Defendants aver that the terms "accountings" and "failing to account," as used by Plaintiff in the second and third sentences, are vague and ambiguous such that Defendants are unable to formulate a response thereto. *See, e.g.*, *Bogert* §§ 965-968. Notwithstanding these ambiguities, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendants aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) a 1996 "Agreed-Upon Procedures and Findings Report," which sets forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants. Also, Defendants aver that they have furnished Plaintiff with trust account information as part of a judgment or settlement in satisfaction of Plaintiff's accounting claims in certain cases, including but not limited to *The Coeur d'Alene Tribe of Indians v. United States*, ICC Dkt. No. 81 (Indian Claims Comm'n 1957). Additionally, Defendants aver that additional information regarding Plaintiff's trust assets has been historically and is presently available on request. The remaining allegations in Paragraph 23 are conclusions of law to which no response is required.

24.     Defendants admit that the Interior awarded a contract to Arthur Andersen LLP to perform certain "agreed-upon procedures" for certain tribal trust fund accounts for the time period of July 1972 through September 1992.

25.     Defendants aver that the agreed-upon procedures report prepared for Plaintiff was provided to Plaintiff in 1996 and covered Fiscal Years 1973-1992.  The cited report provides the best evidence of its contents and speaks for itself.  The remaining allegations in Paragraph 25 consists of Plaintiff's characterizations and conclusions of law to which no response is required.

26.     As to the allegations in Paragraph 26, the cited report provides the best evidence of its contents and speaks for itself.

27.     Paragraph 27 consists of conclusions of law to which no response is required. The cited report and statutes provide the best evidence and a complete statement of their contents and speak for themselves.

28.     As to the allegations in Paragraph 28, the cited report provides the best evidence of its contents and speaks for itself.

29.     Paragraph 29 consists of conclusions of law to which no response is required. The cited report provides the best evidence of its contents and speaks for itself.  Moreover, Defendants aver that the phrase "full and complete accounting," as used by Plaintiff, is vague and ambiguous such that Defendants are unable to formulate a response thereto.  *See, e.g.*, *Bogert* §§ 965-968.  Notwithstanding these ambiguities, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  Further, Defendants aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) a 1996 "Agreed-Upon Procedures and

Findings Report," which sets forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants. Also, Defendants aver that they have furnished Plaintiff with trust account information as part of a judgment or settlement in satisfaction of Plaintiff's accounting claims in certain cases, including but not limited to *The Coeur d'Alene Tribe of Indians v. United States*, ICC Dkt. No. 81 (Indian Claims Comm'n 1957). Additionally, Defendants aver that additional information regarding Plaintiff's trust assets has been historically and is presently available on request. The remaining allegations in Paragraph 29 are conclusions of law to which no response is required.

30.     Paragraph 30 consists of conclusions of law to which no response is required. Moreover, Defendants aver that the phrase "full accounting," as used by Plaintiff, is vague and ambiguous such that Defendants are unable to formulate a response thereto. *See, e.g.*, *Bogert* §§ 965-968. Notwithstanding these ambiguities, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendants aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) a 1996 "Agreed-Upon Procedures and Findings Report," which sets forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants. Also, Defendants aver that they have furnished Plaintiff with trust account information as part of a judgment or settlement in satisfaction of Plaintiff's accounting claims in certain cases, including but not limited to *The Coeur d'Alene Tribe of Indians v. United States*, ICC Dkt. No. 81 (Indian

Claims Comm'n 1957). Additionally, Defendants aver that additional information regarding

Plaintiff's trust assets has been historically and is presently available on request. The remaining

allegations in Paragraph 30 are conclusions of law to which no response is required.

## COUNT I – PLAINTIFF'S ALLEGATIONS ABOUT DECLARATORY JUDGMENT

31.    Defendants incorporate by reference herein their responses to Paragraphs 1-30 of

the Complaint.

32.    Paragraph 32 consists of a conclusion of law to which no response is required.

33.    Paragraph 33 consists of a conclusion of law to which no response is required.

34.    Paragraph 34 consists of a conclusion of law to which no response is required.

35.    The allegations in Paragraph 35 consist of conclusions of law to which no

response is required.

36.    Paragraph 36 consists of conclusions of law to which no response is required.

37.    Paragraph 37 consists of conclusions of law to which no response is required.

38.    Paragraph 38 consists of conclusions of law to which no response is required.

39.    Paragraph 39 consists of conclusions of law to which no response is required.

## COUNT II – PLAINTIFF'S ALLEGATIONS ABOUT INJUNCTIVE RELIEF

40.    Defendants incorporate by reference herein their responses to Paragraphs 1-39 of

the Complaint.

41.    Paragraph 41 consists of conclusions of law to which no response is required.

42.    Paragraph 42 consists of Plaintiff's conclusions of law to which no response is

required. The cited statute provides the best evidence of its contents and speaks for itself.

43.    Paragraph 43 consists of conclusions of law to which no response is required.

The cited statute provides the best evidence of its contents and speaks for itself.

44.    Paragraph 44 consists of conclusions of law to which no response is required.

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

1.    Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations.  *See* 28 U.S.C. § 2501.

2.    To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70, *et seq.*).

3.    To the extent Plaintiff asserts claims that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a court or tribunal of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/ or collateral estoppel.  *See, e.g.*, *Coeur d' Alene Tribe, et al., v. United States,* Docket No. 523-71, 652 F. 2d 69 (Ct. Cl. 1981).

4.    Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel**,** waiver and consent, and other equitable defenses.

5.    Plaintiff asserts claims that are barred, in whole or in part, by sovereign immunity.

6.    Plaintiff asserts certain claims over which this Court lacks jurisdiction.

7.    For certain of its claims, Plaintiff fails to state a claim for which relief can be granted.

Respectfully submitted this 11th day of June, 2007.


                                        RONALD J. TENPAS
                                        Assistant Attorney General


                                        /s/ E. Kenneth Stegeby
                                        ANTHONY HOANG
                                        MARTIN J. LALONDE
                                        E. KENNETH STEGEBY
                                        United States Department of Justice
                                        Environment and Natural Resources
                                        Division
                                        P. O. Box 663
                                        Washington, D.C. 20044-0663
                                        Phone: 202-205-0241/0247
                                        Fax: 202-353-2021
                                        Email: Anthony.Hoang@usdoj.gov
                                               Martin.LaLonde@usdoj.gov
                                               Kenneth.Stegeby@usdoj.gov

                                        Attorney of Record for Defendant

OF COUNSEL:

Thomas R. Bartman
Elisabeth C. Brandon
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

Rachel Howard
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20240