IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COEUR D'ALENE TRIBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-02242-JR |
| ) | |
| DIRK KEMPTHORNE, ) | |
| Secretary of the Interior, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PARTIES' JOINT MOTION FOR
LIFTING OF TEMPORARY STAY OF LITIGATION FOR LIMITED PURPOSE,
AND FOR APPROVAL AND ENTRY OF PARTIES' JOINT STIPULATION AND
[PROPOSED] ORDER REGARDING COMMUNICATION, REPORT, OR
WORK PRODUCT PURSUANT TO CERTAIN COOPERATIVE AGREEMENT AND
<u>ANY AMENDMENT THERETO</u>**

Pursuant to Paragraph 4 of the Court's August 23, 2007 Order, Docket ("Dkt.") 16, and Local Civil Court Rule ("LCvR") 7, the parties respectfully make this joint motion for the lifting of the temporary stay of litigation currently in effect in this case for a limited purpose and for the approval and entry of the parties' Joint Stipulation and [Proposed Order] Regarding Communication, Report, or Work Product Pursuant to a Certain Cooperative Agreement and Any Amendment Thereto, as an Order of the Court. The grounds in support of this joint motion are set forth in the memorandum appended hereto.

Respectfully submitted this 9th day of November, 2007,

                                 RONALD J. TENPAS
                                 Acting Assistant Attorney General

*/s/ Allen v. Farber, by /s/ Anthony P. Hoang*
*pursuant to written permission on*
<u>*November 8, 2007*</u>                <u>*/s/ Anthony P. Hoang*</u>
ALLEN V. FARBER, DC Bar #912865     ANTHONY P. HOANG, FL Bar #798193
BRIAN L. GUNN, DC Bar #465438        E. KENNETH STEGEBY, DC Bar #474127

Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, D.C. 20005-3317
Tel: (202) 230-5000
Fax: (202) 230-5372

ERIC R. VAN ORDEN (*pro hac vice*)
Office of Legal Counsel
The Coeur d'Alene Tribe
850 A Street
Plummer, ID 83851
Tel: (208) 686-1800
Fax: (208) 686-1182

Attorneys for Plaintiff

United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 616-4119
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

MICHAEL A. BIANCO
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COEUR D'ALENE TRIBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-02242-JR |
| ) | |
| DIRK KEMPTHORNE, ) | |
| Secretary of the Interior, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF PARTIES' JOINT MOTION FOR
LIFTING OF TEMPORARY STAY OF LITIGATION FOR LIMITED PURPOSE,
AND FOR APPROVAL AND ENTRY OF PARTIES' JOINT STIPULATION AND
[PROPOSED] ORDER REGARDING COMMUNICATION, REPORT, OR
WORK PRODUCT PURSUANT TO CERTAIN COOPERATIVE AGREEMENT AND
ANY AMENDMENT THERETO**

Pursuant to Paragraph 4 of the Court's August 23, 2007 Order, Docket ("Dkt.") 16, and Local Civil Rule ("LCvR") 7, the parties respectfully request that the Court to lift the temporary stay of litigation currently in effect in this case for a limited purpose, and that the Court review, approve of, and enter the parties' Joint Stipulation and [Proposed] Order Regarding Communication, Report, or Work Product Pursuant to a Certain Cooperative Agreement and Any Amendment Thereto (Exhibit ("Exh.") 1 hereto) as an Order of the Court. The grounds of the joint motion are set forth below.

**I.    RELEVANT BACKGROUND**

    **A.    Relevant Litigation Background**

Plaintiff filed this case on December 29, 2006. Dkt. 1. On the same day, Plaintiff filed a parallel case in the United States Court of Federal Claims (CFC), Coeur d'Alene Tribe v. United States, No. 06cv00940-EJD.

On March 9, 2007, after discussions between counsel for the parties, Defendants filed an unopposed motion for enlargement of time within which to file an Answer or otherwise respond to Complaint. Dkt. 6. The Court granted the motion by minute order on March 21, 2007, and Defendants filed their Answer on June 11, 2007, Dkt. 8. In a series of orders entered on July 2, July 31, and August 23, 2007, Dkts. 9, 11, and 16, respectively, the Court temporarily stayed all proceedings in this case and in the other 36 Tribal trust accounting and trust mismanagement cases, pending the Court's resolution of Defendants' motion for remand and stay of proceedings, Dkt. 13, which was filed on August 10, 2007. Plaintiff opposed Defendants' remand and stay motion, by joining the principal opposition brief filed by the Ak-Chin Indian Community, the Passamaquoddy Tribe of Maine, the Salt River-Pima Maricopa Indian Community, and the Tohono O'odham Nation, in their Tribal trust cases, on October 1, 2007, and then by filing its own supplemental opposition brief on October 22, 2007, Dkt. 17. Under the Court's August 23 Order, the filing deadline for Defendants' reply brief is November 21, 2007.

      **B.**      <u>**Relevant Background About Tribal Trust Fund Settlement Project**</u>

The Tribal Trust Fund Settlement Project ("TTFSP") is a cooperative undertaking currently under way between the Intertribal Monitoring Association on Indian Trust Funds ("ITMA") and the Office of Historical Trust Accounting ("OHTA"), an office within the United States Department of the Interior. Dkt. 12.[1] Founded in 1990, ITMA is a national nonprofit tribal consortium, the membership of which is comprised of 65 Indian tribes. Id. ITMA's mission, among other things, includes monitoring the Department of the Interior's trust reform efforts and providing a forum for tribal consultation on trust-related issues. Id. The Coeur d'Alene Tribe is a member of ITMA. Id.

---

[1]    Plaintiff's unopposed motion to extend temporary stay of proceedings and the supporting papers, Dkt. 12, provides a comprehensive explanation of the TTFSP, along with applicable citations to the record.

In May 2003, the Interior Department approached ITMA to explore the possibility of entering into a cooperative undertaking that could assist in resolving tribal trust-related claims. Id. Following 19 months of negotiation, ITMA and OHTA entered into a Cooperative Agreement ("Cooperative Agreement") to establish the TTFSP in December 2004. *See* Decl. of Mary Zuni in Supp. of Pl.'s Unopposed Mot. to Extend Stay of Proceedings, Dkt. No. 12, at Ex. 1 (Cooperative Agreement, as amended).

Plaintiff and six other federally recognized Indian tribes[2] agreed to participate as the "participating" tribes for Phase I of the TTFSP. Id. These Tribes were selected, in part, to ensure that the TTFSP would include a geographically diverse range of Indian tribes, with varying land bases, natural resources, and trust accounts, and that any methodology developed under the TTFSP would be as inclusive and representative of Tribes nationwide as possible. Id.

The main goals of the TTFSP are to provide Indian tribes with a voluntary mechanism to determine the possibility of reaching settlement of certain Tribal trust fund-related issues and claims, and to provide Tribes and Defendants with a framework for resolving broader trust-related issues. Id. The Cooperative Agreement encompasses two phases to the TTFSP. Id.

Phase I consists of developing a methodology for using and evaluating the information and analyses set forth in the Tribal trust fund reconciliation reports prepared in the 1990s by the Interior Department (using the contractor Arthur Andersen, LLP). Id. Completion of Phase I requires the concurrence of ITMA, each participating Tribe, and OHTA. Phase II consists of interested Indian tribes making use of the Phase I methodology on a voluntary basis. Id. ITMA

---

[2] The other six Phase I participating Tribes are the Sac and Fox Nation (Oklahoma), the Fort Belknap Indian Community (Montana), the Pueblo of Picuris (New Mexico), the Confederated Tribes and Bands of the Yakama Indian Nation of the Yakama Reservation (Washington), the Confederated Tribes of the Colville Reservation (Washington), and the Nez Perce Tribe (Idaho). Id.

3

and OHTA have extended the Cooperative Agreement into Fiscal Year ("FY") 2008 and are currently developing the next steps to be taken in the TTFSP, a schedule for those steps, and additional funding requirements for completing the Phase I methodology during FY 2008. At ITMA's recent 17th Annual Conference in Las Vegas, NV, in October 2007, ITMA and OHTA announced their plan to present, in March 2008, the Phase I methodology to ITMA's Board of Directors for its review and approval.

II.   ARGUMENT

The parties respectfully request that the Court lift the current temporary stay of litigation for the sole purpose of reviewing their Joint Stipulation and [Proposed] Order Regarding Communication, Report, or Work Product Pursuant to a Certain Cooperative Agreement and Any Amendment Thereto (Exh.1). Further, they respectfully request that, based on its review, the Court approve of the Joint Stipulation and [Proposed] Order, id., and enter it as an Order of the Court.

The Court's approval and entry of the Joint Stipulation and [Proposed] Order, id., as an Order of the Court is crucial to the parties' ability to continue participating in the TTFSP. Such an action will provide the parties with a measure of meaningful protection and assurance by setting forth clear definition and guidance about such issues as the admissibility or inadmissibility of any evidence relating to Plaintiff's past and present participation in the TTFSP and of any communications, reports, or work products that have been or will be created, generated, or exchanged in, during, or as part of the TTFSP. Id. The parties consider the Joint Stipulation and [Proposed] Order to be an important element to ensure the continued vitality and progress of the Project. Plaintiff has made clear that its continued good faith participation in the TTFSP is contingent on the execution and entry of the Joint Stipulation and [Proposed] Order as an Order of

the Court. The work being undertaken in the TTFSP by ITMA, OHTA, Plaintiff, and the other Phase I participating Tribes may result in the formulation and development of an agreed-upon methodology that may be used to resolve all of the claims in this case and in Plaintiff's parallel case in the CFC (as well as the other 101 Tribal trust case accounting and trust mismanagement cases), without the need for protracted litigation.

The Joint Stipulation and [Proposed] Order, Exh. 1, is virtually identical to the one filed in Confederated Tribes of the Colville Reservation v. Kempthorne ("Colville"), Civ. No: 1:05cv02471-JR (D.D.C.). The Joint Stipulation and [Proposed] Order was the product of more than 16 months of negotiations by counsel (who are the same in this case as in Colville). This Court approved of and entered the Joint Stipulation and [Proposed] Order as an Order of the Court in Colville on October 30, 2007. The Court should do the same here.

One the one hand, granting this joint motion to lift the temporary stay of litigation and entering the Joint Stipulation and [Proposed] Order as an Order of the Court would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, denying the joint motion to lift the stay and rejecting the Joint Motion and [Proposed] Order would unduly interfere with, delay, or jeopardize the parties' ability to confer with each other, ITMA, and the other Phase I participating Tribes in the TTFSP, as well as their efforts to resolve Plaintiff's and the other Tribes' trust accounting and trust mismanagement claims without extended litigation.

For the foregoing reasons, this Court should lift the temporary stay of litigation and review, approve of, and enter the Joint Stipulation and [Proposed] Order, Exh. 1, as an Order of the Court.

5

    Respectfully submitted on this 9th day of November, 2007,

                                            RONALD J. TENPAS
                                            Acting Assistant Attorney General

| | |
|---|---|
| */s/ Allen v. Farber, by /s/ Anthony P. Hoang pursuant to written permission on November 8, 2007* | */s/ Anthony P. Hoang* |
| ALLEN V. FARBER, DC Bar #912865 | ANTHONY P. HOANG, FL Bar #798193 |
| BRIAN L. GUNN, DC Bar #465438 | E. KENNETH STEGEBY, DC Bar #474127 |
| Drinker Biddle & Reath LLP | United States Department of Justice |
| 1500 K Street, N.W. | Environment and Natural Resources Division |
| Washington, D.C. 20005-3317 | Natural Resources Division |
| Tel: (202) 230-5000 | P.O. Box 663 |
| Fax: (202) 230-5372 | Washington, D.C. 20044-0663 |
| | Tel: (202) 305-0241 |
| ERIC R. VAN ORDEN (*pro hac vice*) | Tel: (202) 616-4119 |
| Office of Legal Counsel | Fax: (202) 353-2021 |
| The Coeur d'Alene Tribe | |
| 850 A Street | Attorneys for Defendants |
| Plummer, ID 83851 | |
| Tel: (208) 686-1800 | OF COUNSEL: |
| Fax: (208) 686-1182 | |
| | MICHAEL A. BIANCO |
| Attorneys for Plaintiff | Office of the Solicitor |
| | United States Department of the Interior |
| | Washington, D.C. 20240 |
| | |
| | TERESA E. DAWSON |
| | Office of the Chief Counsel |
| | Financial Management Service |
| | United States Department of the Treasury |
| | Washington, D.C. 20227 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COEUR D'ALENE TRIBE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>DIRK KEMPTHORNE,  )<br>Secretary of the Interior, *et al.*,  )<br>  )<br>  Defendants.  )<br>_____ ) | Case No. 1:06-cv-02242-JR |

### **[PROPOSED] ORDER**

This matter is before the Court on the parties' joint motion for the lifting of the temporary stay of litigation for a limited purpose and for the approval and entry of the parties' Joint Stipulation and [Proposed Order] Regarding Communication, Report, or Work Product Pursuant to a Certain Cooperative Agreement and Any Amendment Thereto, as an Order of the Court. Upon consideration of the joint motion and for good cause shown, it is hereby ORDERED that

1. The joint motion to lift the temporary stay of litigation for a limited purpose should be and hereby is GRANTED.

2. The Court shall review and determine whether to approve of and enter the parties' Joint Stipulation and [Proposed] Order Regarding Communication, Report, or Work Product Pursuant to a Certain Cooperative Agreement and Any Amendment Thereto.

3. The Court shall issue, by separate order, its ruling based on its review and determination.

SO ORDERED.

Date: _____     _____
HON. JAMES ROBERTSON
United States District Judge

# Exhibit 1 To
# Parties' Joint Motion For Lifting of Temporary Stay of Litigation For Limited Purpose, and For Approval and Entry of Parties' Joint Stipulation and [Proposed] Order Regarding Communication, Report, or Work Product Pursuant to Certain Cooperative Agreement and Any Amendment Thereto

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COEUR D'ALENE TRIBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-02242-JR |
| ) | |
| DIRK KEMPTHORNE, ) | |
| Secretary of the Interior, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**JOINT STIPULATION AND [PROPOSED ORDER]
REGARDING COMMUNICATION, REPORT, OR WORK PRODUCT
PURSUANT TO A CERTAIN COOPERATIVE AGREEMENT
AND ANY AMENDMENT THERETO**

WHEREAS Plaintiff the Coeur d'Alene Tribe ("Plaintiff," "Coeur d'Alene Tribe," or "Tribe") commenced this action on December 29, 2006, and Defendants timely filed their Answer on June 11, 2007;

WHEREAS the parties have agreed to obtain or seek to obtain extensions of time or temporary stays of litigation in this case so that they can engage in discussions that may lead to a possible settlement of Plaintiff's trust accounting and trust fund mismanagement claims herein;

WHEREAS the Secretary of the Interior has created the Office of Historical Trust Accounting ("OHTA") within the United States Department of the Interior ("Interior"), for the purpose of providing historical statements of account of individual Indian money ("IIM") accounts and Tribal trust fund accounts. OHTA's mission includes, among other things, compiling, checking, and providing historical accounting records to individuals and Tribes in the form of Historical Statements of Accounts;

2

WHEREAS the InterTribal Monitoring Association ("ITMA") is a national tribal consortium consisting of over sixty federally recognized Indian Tribes. ITMA's mission includes monitoring the United States government's trust reform efforts and providing a forum for tribal consultation on trust issues;

WHEREAS, in December 2004, OHTA and ITMA entered into a Cooperative Agreement to undertake a project ("Project") that would be funded by OHTA to create a methodology that could be used to help Interior and participating Tribes reach agreement about the balances of the Tribes' trust fund accounts, among other things;

WHEREAS Plaintiff the Coeur d'Alene Tribe has participated, and is continuing to participate, in activities pursuant to the Cooperative Agreement, which activities include but are not limited to written and oral communications; the preparation of analyses, reports, and other work products; and collaborative undertakings between the Tribe, Interior (including OHTA), their officials, employees, agents, and contractors;

WHEREAS the Tribe reserves the right not to accept or agree with the accuracy or completeness of any such analyses, reports, or work products;

WHEREAS the parties believe that the activities pursuant to the Cooperative Agreement, as well as any amendment thereto, may lead to a settlement of this case, in whole or in part; and

WHEREAS the parties believe that such a settlement of this case, in whole or in part, would avoid placing the undue burden of litigation and the resulting expense of time, resources, and effort on the Court and the parties,

THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

**I.    Definitions**

1.      "Party" includes the party's elected officials, employees, agents, representatives, counsel, experts, consultants, contractors, and anyone acting on the party's behalf.

2.      "Covered proceeding" means any judicial or administrative proceeding (including those created or established after the date of execution of this Joint Stipulation) that involves Plaintiff (or any department or instrumentality thereof) and Defendants (specifically, the Secretary and the Department of the Interior; the Secretary and the Department of the Treasury; or any subdivision, agency, or instrumentality thereof) and that addresses, either in whole or in part, any legal or equitable claims, assertions, or defenses concerning the management, accounting, reconciliation, audit, or other analyses by Defendants of the funds that Defendants hold in trust for Plaintiff's benefit (including any determinations by Defendants regarding the account balances of Plaintiff's trust funds).  The legal or equitable claims, assertions, or defenses regarding the management by Defendants of the funds that Defendants hold in trust for Plaintiff's benefit include, but are not limited to, those based on Defendants' alleged failure to properly collect trust revenues derived from Plaintiff's non-monetary trust assets or resources.

## II.     Terms and Conditions

3.      A party shall not offer for admission, seek to admit, or have admitted into evidence, in this case or in any other Covered Proceeding, either of the following: (a) the fact of the other party's participation pursuant to the Cooperative Agreement (as well as any amendment thereto), or (b) any communication, report, or work product (or any portion of the communication, report, or work product) that the party has received from the other party pursuant to the Cooperative Agreement (as well as any amendment thereto), except as provided in Paragraph 4 below.

4. A party may offer for admission, seek to admit, or have admitted into evidence in this case or in any Covered Proceeding, any communication, report, or work product (or any portion of the communication, report, or work product) that the party has received from the other party, pursuant to the Cooperative Agreement (as well as any amendment thereto), only in the following circumstances:

(a) The parties have conferred and agreed, in writing, that the communication, report, or work product (or any portion of the communication, report, or work product) may be filed, submitted, or offered for admission into evidence;

(b) The party that is offering for admission, seeking to admit, or having admitted into evidence a communication, report, or work product (or any portion of the communication, report, or work product), has made, generated, or produced such communication, report, or work product (or any portion of the communication, report, or work product) independently of the other party, and such independently made, generated, or produced communication, report, or work product (or any portion of the communication, report, or work product) does not rely on any communication, report, or work product (or any portion of the communication, report, or work product) that is precluded by this Joint Stipulation and Order;

(c) OHTA and ITMA have consented to the communication, report, or work product (or any portion of the communication, report, or work product), as the case may be, and deemed such communication, report, or work product (or any portion of the communication, report, or work product) to be "final," under the Cooperative Agreement, as well as any amendment thereto;

5

(d) The communication, report, or work product (or any portion of the communication, report, or work product) is otherwise admissible under applicable law or Rule 408(b) of the Federal Rules of Evidence; or

(e) The communication, report, or work product (or any portion of the communication, report, or work product) existed prior to December 6, 2004, i.e., the date of execution of the original Cooperative Agreement by ITMA and OHTA.

5. A party may offer for admission, seek to admit, or have admitted into evidence in this case or in any Covered Proceeding, any document or any data from which any material protected by the Joint Stipulation and Order has been redacted.

6. To the extent that the terms of this Joint Stipulation and Order conflict with Fed. R. Evid. 408(a), the terms of this Joint Stipulation and Order shall control.

Respectfully submitted this 9th day of November, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*/s/ Allen V. Farber, by /s/ Anthony P. Hoang*
*pursuant to written authorization*
*on November 8, 2007*
ALLEN V. FARBER, DC Bar #912865
BRIAN L. GUNN, DC Bar #465438
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, D.C. 20005-3317
Tel: (202) 230-5000
Fax: (202) 230-5372

ERIC R. VAN ORDEN (*pro hac vice*)
Office of Legal Counsel
The Coeur d'Alene Tribe
850 A Street
Plummer, ID 83851
Tel: (208) 686-1800
Fax: (208) 686-1182

*/s/ Anthony P. Hoang*
ANTHONY P. HOANG, FL Bar #798193
E. KENNETH STEGEBY, DC Bar #474127
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 616-4119
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

MICHAEL A. BIANCO

...

Attorneys for Plaintiff					Office of the Solicitor
							United States Department of the Interior
							Washington, D.C.  20240

							TERESA E. DAWSON
							Office of the Chief Counsel
							Financial Management Service
							United States Department of the Treasury
							Washington, D.C.  20227


**[PROPOSED] ORDER**

    SO ORDERED.

Date:  _____		_____
							HON. JAMES ROBERTSON
							United States District Court