IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE COEUR D'ALENE TRIBE )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, )<br>Secretary of the Interior, *et al.*, )<br>)<br>    Defendants. )<br>_____) | Case No. 1:06-cv-02242-JR |

**PLAINTIFF'S PROPOSAL FOR FURTHER PROCEEDINGS**

Pursuant to the Court's December 19, 2007, Memorandum Order, Plaintiff, the Coeur d'Alene Tribe ("Plaintiff" or "Coeur d'Alene Tribe"), by counsel, respectfully submits this Proposal for Further Proceedings.

As detailed in previous filings with this Court, Plaintiff continues to participate in the Tribal Trust Fund Settlement Project ("TTFSP" or "Project"), a cooperative undertaking currently underway between the Intertribal Monitoring Association on Indian Trust Funds ("ITMA") and the Office of Historical Trust Accounting ("OHTA"), an office within the Department of the Interior.[1]  Accordingly, Plaintiff respectfully proposes the following:

I. **BACKGROUND AND CURRENT STATUS OF THE TTFSP**

    A. <u>ITMA and the TTFSP.</u>

Founded in 1990, ITMA is a national nonprofit tribal consortium, the membership of which is comprised of 65 Indian tribes.  ITMA's mission, among other things, includes

---

[1] A comprehensive explanation of the TTFSP, together with applicable citations to the record, is set forth in Plaintiff's Unopposed Motion to Extend Temporary Stay of Proceedings and accompanying papers. (Dkt. No. 12).

monitoring the Department of the Interior's trust reform efforts and providing a forum for tribal consultation on trust-related issues. The Coeur d'Alene Tribe is a member of ITMA.

In May 2003, the Department of the Interior approached ITMA to explore the possibility of entering into a cooperative undertaking that could assist in resolving tribal trust-related claims. Following 19 months of negotiation, ITMA and OHTA entered into a Cooperative Agreement ("Cooperative Agreement") to establish the TTFSP in December 2004. Plaintiff and six other federally recognized Indian tribes agreed to participate as the "pilot project" tribes for the TTFSP. The other six participating tribes are the Sac and Fox Nation (Oklahoma), Fort Belknap Indian Community (Montana), Pueblo of Picuris (New Mexico), Confederated Tribes and Bands of the Yakama Indian Nation of the Yakama Reservation (Washington), the Confederated Tribes of the Colville Reservation (Washington), and the Nez Perce Tribe (Idaho). These tribes were selected, in part, to ensure that the Project included a geographically diverse range of Indian tribes with varying land bases, natural resources, and trust accounts to better ensure that any methodology developed under the TTFSP would be as inclusive and representative of Indian tribes nationwide as possible.

The main goals of the TTFSP are to provide Indian tribes with a voluntary mechanism to determine the possibility of reaching settlement of certain tribal trust fund-related issues and claims, and to provide tribes and Defendants with a framework for resolving broader trust-related issues. The scope of the TTFSP is limited to 1972 through 1992—the years covered by the tribal trust fund reports prepared by the Arthur Andersen accounting firm in the early 1990s. *See* Principal Brief at pp. 22-28 (description of Department of the Interior's engagement with Arthur Andersen LLP). Nevertheless, ITMA, OHTA, and Plaintiff have expressed openness and receptivity to the possibility that, if the tribal participants are satisfied with the outcome of the

TTFSP, they might be able to agree upon an extrapolation or some form of adaptation of the TTFSP methodology to address other time periods and other types of trust-related claims.

The Cooperative Agreement encompasses two phases to the TTFSP. Phase I consists of developing a methodology for utilizing the information contained in the reports prepared by Arthur Andersen LLP for the seven tribes participating in the Project. In Phase II, the Phase I methodology will be made available for use by any interested Indian tribes on a voluntary basis. As previously reported, in order for the Phase I methodology to be complete or "final," it must be approved by (a) Plaintiff and the other TTFSP participating tribes, (b) ITMA, through its Board of Directors, and (c) OHTA.

B. <u>Current Status of the TTFSP.</u>

Phase I of the TTFSP is nearing completion. ITMA and its consultants and OHTA continue to formulate, review, and provide comments on draft methodological approaches for examining receipts, disbursements, completeness, and investments, which are the major areas of inquiry proposed for the TTFSP.

The last meeting between ITMA and its consultants and OHTA occurred on January 7 and 8, 2008, in Albuquerque, New Mexico. At that meeting, ITMA and OHTA tentatively agreed that the Phase I methodology would be presented to Plaintiff and the other participating TTFSP tribes for their review during a two day meeting in mid-April, 2008. ITMA and OHTA further tentatively agreed that, in order to allow the participating TTFSP tribes adequate time to review and consider the Phase I methodology, the subsequent meeting for the ITMA Board to consider the Phase I methodology would be held June 16 and 17, 2008.

Once the Phase I methodology is completed and approved, Plaintiff anticipates engaging in further discussions with OHTA to explore the feasibility of applying the Phase I methodology,

or a portion thereof, to Plaintiff's trust accounts as a means to facilitate settlement of Plaintiff's claims in this action. OHTA and ITMA recently extended the Cooperative Agreement through Fiscal Year 2008 which ends September 30, 2008.

    C.    <u>Status of this Litigation.</u>

Plaintiff filed its Complaint in this action on December 29, 2006. Defendants filed their Answer on June 11, 2007. The proceedings were stayed from July 2, 2007, to December 19, 2007, while the Court considered—and ultimately denied—Defendants' Motion to Remand and for Stay of Litigation. During the pendency of the stay, the parties negotiated a "Joint Stipulation and [Proposed] Order Regarding Communication, Report, and Work Product Pursuant to Certain Cooperative Agreement and Any Amendments Thereto." The parties filed the Joint Stipulation, together with a joint motion to temporarily lift the stay for the limited purpose of entering the Joint Stipulation, on November 9, 2007. In addition to the Joint Stipulation, the parties are currently working to develop a separate joint stipulation and proposed order regarding document and data confidentiality.

## II.    PROPOSAL FOR FURTHER PROCEEDINGS

The TTFSP is a unique, tribally driven undertaking that affords Plaintiff and the other participating Indian tribes direct input in the formulation of a methodology that may, once completed and approved by the participating tribes, ITMA, and OHTA, be used to resolve tribal accounting and funds mismanagement claims, should Plaintiff and the individual tribes so choose. During the past four years, the Plaintiff's elected officials, accountants, and legal counsel have attended numerous meetings and multiple, daylong work sessions in an effort to develop the Phase I methodology. Plaintiff has also invested significant tribal staff resources reviewing tribal documents and associated data to ensure that the draft methodology is as

accurate as possible as it relates to those particular trust resources from the which the Plaintiff derives the majority of its trust revenue.

In light of Plaintiff's past and ongoing participation in the TTFSP and the schedule established by ITMA and OHTA at their most recent meeting for review and possible approval of the Phase I methodology, Plaintiff respectfully proposes the following:

(1) That Plaintiff continue its participation in the TTFSP through the completion of Phase I of the Project;

(2) That the parties file a joint report with the Court that details the status of Phase I of the Project and sets forth, in light of the status of the Project, any additional proposals for further proceedings and, if appropriate, a corresponding schedule, in this case by July 11, 2008; and

(3) That, during the pendency of Phase I of the Project and pending further order of the Court, the parties shall be relieved of any obligation to comply with the requirements of Local Civil Rule 16.3.

Respectfully submitted,

Dated: January 18, 2008          ____/s/_____
ALLEN V. FARBER, DC Bar #912865
BRIAN L. GUNN, DC Bar #465438
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, D.C. 20005-1209
Tel: (202) 230-5000
Fax: (202) 230-5300

ERIC R. VAN ORDEN (*pro hac vice*)
Office of Legal Counsel
The Coeur d'Alene Tribe
850 A Street
Plummer, ID 83851
Tel: (208) 686-1800
Fax: (208) 686-1182

ATTORNEYS FOR PLAINTIFF