IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE COEUR D'ALENE TRIBE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-02242-JR |
| | ) | |
| DIRK KEMPTHORNE, | ) | |
| Secretary of the Interior, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to Plaintiff's Proposal for Further Proceedings, Dkt. No. 22, Plaintiff, the Coeur d'Alene Tribe ("Plaintiff" or "Coeur d'Alene Tribe") and Defendants (the parties herein), by their respective counsel, jointly and respectfully submit this Joint Status Report.

As detailed in previous filings by both parties in this Court, Plaintiff continues to participate in the Tribal Trust Fund Settlement Project ("TTFSP" or "Project"), a cooperative undertaking currently underway between the Intertribal Monitoring Association on Indian Trust Funds ("ITMA") and the Office of Historical Trust Accounting ("OHTA"), which is part of the United States Department of the Interior.  Accordingly, the parties jointly and respectfully provide the following information regarding the TTFSP, current proceedings, and proposed next steps:

I.      **BACKGROUND AND CURRENT STATUS OF THE TTFSP**

A.      ITMA and the TTFSP.

Founded in 1990, ITMA is a national nonprofit tribal consortium, the membership of which is comprised of 65 Indian tribes.  ITMA's mission, among other things, includes

monitoring the Department of the Interior's trust reform efforts and providing a forum for tribal consultation on trust-related issues. The Coeur d'Alene Tribe is a member of ITMA.

In May 2003, the Department of the Interior approached ITMA to explore the possibility of entering into a cooperative undertaking that could assist in resolving tribal trust-related claims. Following 19 months of negotiation, ITMA and OHTA entered into a Cooperative Agreement ("Cooperative Agreement") to establish the TTFSP in December 2004. Plaintiff and six other federally recognized Indian tribes agreed to participate as the "pilot project" tribes for the TTFSP. The other six participating tribes are the Sac and Fox Nation (Oklahoma), Fort Belknap Indian Community (Montana), Pueblo of Picuris (New Mexico), Confederated Tribes and Bands of the Yakama Indian Nation of the Yakama Reservation (Washington), the Confederated Tribes of the Colville Reservation (Washington), and the Nez Perce Tribe (Idaho). These tribes were selected, in part, to ensure that the Project included a geographically diverse range of Indian tribes with varying land bases, natural resources, and trust accounts to better ensure that any methodology developed under the TTFSP would be as inclusive and representative of Indian tribes nationwide as possible.

The main goals of the TTFSP are to provide Indian tribes with a voluntary mechanism to determine the possibility of reaching settlement of certain tribal trust fund-related issues and claims, and to provide tribes and Defendants with a framework for resolving broader trust-related issues. The scope of the TTFSP is limited to 1972 through 1992—the years covered by the tribal trust fund reconciliation project conducted by the Interior Department, using the contractor services of Arthur Andersen, LLP, in the 1990s. *See, e.g.,*Principal Brief at 22-28 (description of Interior Department's engagement with Arthur Andersen LLP). Nevertheless, ITMA, OHTA, and Plaintiff have expressed openness and receptivity to the possibility that, if the tribal

participants are satisfied with the outcome of the TTFSP, they might be able to agree upon an extrapolation or some form of adaptation of the TTFSP methodology to address other time periods and other types of trust-related claims.

The Cooperative Agreement encompasses two phases to the TTFSP. Phase I consists of developing a methodology for utilizing the information contained in the reports prepared by Arthur Andersen LLP for the seven tribes participating in the Project. In Phase II, the Phase I methodology will be made available for use by any interested Indian tribes on a voluntary basis. As previously reported, in order for the Phase I methodology to be complete or "final," it must be approved by (a) Plaintiff and the other TTFSP participating tribes, (b) ITMA, through its Board of Directors, and (c) OHTA.

B.    Current Status of the TTFSP.

The Phase I methodology is now complete and pending approval by five of the seven pilot tribes and the ITMA Board of Directors. The last meeting between ITMA and its consultants and OHTA occurred on June 17 and 18, 2008, in Albuquerque, New Mexico. At that meeting, the final draft of the Phase I methodology was presented to representatives of the seven pilot tribes for their review. Two of Plaintiff's elected tribal officials (together with Plaintiff's legal counsel) attended this meeting, as did elected tribal officials or representatives from the six other pilot tribes. Representatives of ITMA and OHTA, together with their respective consultants and legal counsel, provided a detailed explanation of the methodology and answered questions from the tribal representatives.

On July 10, 2008, Plaintiff's Tribal Council unanimously approved the Phase I methodology. In addition to Plaintiff, two other pilot project tribeshave approved the

methodology:  the Fort Belknap Indian Community approved the Phase I methodology on July 1, 2008, and Confederated Tribes of the Colville Reservation approved it on July 10, 2008.

ITMA has scheduled a meeting of its Board of Directors on July 30 and 31, 2008, for the Board's consideration of the final Phase I methodology.  Assuming all requisite approvals are obtained by the pilot tribes and the OHTA, Phase I of the Project will be complete at this time.

Once the Phase I methodology is fully approved, Plaintiff anticipates engaging in further discussions with Defendants to explore the feasibility of applying the Phase I methodology, or a portion thereof, to Plaintiff's trust accounts as a means to facilitate settlement of Plaintiff's claims in this action.

C.    Status of this Litigation.

Plaintiff filed this case on December 29, 2006.  Dkt. 1.  Defendants filed their Answer on June 11, 2007.  Dkt. 8.  The proceedings were stayed from July 2, 2007, to December 19, 2007, during the Court's adjudication of Defendants' Motion to Remand and for Stay of Litigation. Dkts. 9-21.  As directed in the Court's December 19, 2007, Memorandum Order denying Defendants' remand and stay motion (Dkt. 21), Plaintiff filed its Proposal to Govern Further Proceedings on January 18, 2008 (Dkt. 22).  That Proposal suggested that the Tribe continue its participation in Phase I of the Project, that the parties file a joint status report by July 11, 2008, and that the parties be relieved of any obligation to comply with Local Civil Rule 16.3.

Also on December 29, 2006, Plaintiff filed a companion case against the federal government in the United States Court of Federal Claims.  *Coeur d'Alene Tribe v. United States*, No. 06cv00940-EJD (Fed. Cl.).  The parties have jointly requested and received temporary stays of litigation thus far, so that they can pursue the the TTFSP described above.

During the pendency of the stay in this case, the parties negotiated and filed on November 9, 2007, a "Joint Stipulation and [Proposed] Order Regarding Communication, Report, and Work Product Pursuant to Certain Cooperative Agreement and Any Amendments Thereto." Dkt. 18. The parties jointly requested that this Court review, approve of, and enter the Joint Stipulation as an Order. *Id.* The joint motion remains pending.

In addition to the foregoing Joint Stipulation regarding the confidentiality of the TTFSP process and products, the parties are currently in the process of working to develop a separate joint stipulation and proposed order regarding document and data confidentiality. Discussions between the parties' respective counsel are ongoing.

## II.    PROPOSAL FOR FURTHER PROCEEDINGS

During the past four years, the Plaintiff's elected officials, accountants, and legal counsel have attended numerous meetings and multiple, daylong work sessions in an effort to develop the Phase I methodology. Plaintiff has also invested significant tribal staff resources reviewing tribal documents and associated data to ensure that the draft methodology is as accurate as possible as it relates to those particular trust resources from the which the Plaintiff derives the majority of its trust revenue.

Counsel for the parties have had ongoing discussions regarding the Phase I methodology and the status of its approval by the pilot tribes. Also, counsel for the parties have had preliminary discussions regarding the potential application of the methodology after it is approved.

Now that the Phase I methodology is complete and in light of ITMA's upcoming meetings to consider the final Phase I methodology for approval, the parties respectfully propose the following:

(1)     That the parties file a joint report with the Court by October 17, 2008, that details the final approval status of the Phase I methodology and any discussions, plans, or proposals by the parties to apply the methodology to Plaintiff's claims or to otherwise resolve Plaintiff's claims in this case and in Plaintiff's companion case in the Court of Federal Claims.  The joint report shall also include any additional proposals for further proceedings and, if appropriate, a corresponding schedule.

(2)     That, pending further order of the Court, the parties shall be relieved of any obligation to comply with the requirements of Local Civil Rule 16.3.

Respectfully submitted this 11th day of July, 2008,

RONALD J. TENPAS
Assistant Attorney General

*/s/ Allen V. Farber, by*
*/s/ E. Kenneth Stegeby, pursuant to*
*written authorization on July 11, 2008*        */s/ E. Kenneth Stegeby*
ALLEN V. FARBER                                 ANTHONY P. HOANG
BRIAN L. GUNN                                   E. KENNETH STEGEBY
Drinker Biddle & Reath LLP                      United States Department of Justice
1500 K Street, N.W.                             Environment and Natural Resources Division
Washington, D.C.  20005-1209                    P.O. Box 663
Tel:  (202) 230-5172                            Washington, D.C.  20044-0663
Fax:  (202) 230-5300                            Tel: (202) 305-0241
                                                Tel: (202) 616-4119
                                                Fax: (202) 353-2021

Attorney of Record for Plaintiff               Attorney of Record for Defendant

OF COUNSEL:                                     OF COUNSEL:

ERIC R. VAN ORDEN
Office of Legal Counsel
The Coeur d'Alene Tribe                          MICHAEL BIANCO
850 A Street                                     Office of the Solicitor
Plummer, ID 83851                                United States Department of the Interior
Tel:  (208) 686-1800                             Washington, D.C.  20240
Fax: (208) 686-1182
                                                 THOMAS KEARNS
                                                 Office of the Chief Counsel
                                                 Financial Management Service

United States Department of the Treasury
Washington, D.C.  20227